Edward G. PARTIN II *v.* STATE BOARD OF LAW
EXAMINERS

97-683                                                  950 S.W.2d 460

Supreme Court of Arkansas
Opinion delivered September 11, 1997

*Petitioner*, pro se.

*Kaplan, Brewer & Maxey*, by: *Philip E. Kaplan*, for respondent.

PER CURIAM. Petitioner Edward G. Partin II has filed a petition for admission to the bar of Arkansas and a motion for

consideration of previous record and briefs and request for oral argument.

Petitioner sought admission to the Bar of Arkansas in 1993. He had completed the necessary educational requirements and had passed the Arkansas bar examination. The Board of Law Examiners refused to recommend his admission on the ground that he was not morally qualified. The Board concluded that Petitioner's efforts at rehabilitation were not complete in view of what members perceived as his lack of candor. On appeal, this court affirmed the Board's decision. *Partin v. Bar of Arkansas*, 320 Ark. 37, 894 S.W.2d 906 (1994).

Petitioner again seeks admission to the bar of Arkansas and alleges that he has completed the necessary educational requirements and that he has passed the Arkansas Bar examination and the Multistate Professional Responsibility examination. Petitioner further alleges that he was admitted to the bar of Louisiana on April 25, 1995.

Rule XIII of the Rules Governing Admission to the Bar requires that any application for initial admission shall be submitted to the Executive Secretary of the Board and that the determination of eligibility shall be made by the Board in accordance with Rule XIII. In the event the Board denies eligibility, the applicant may appeal the Board's decision to this court for review de novo upon the record.

The Board's decision to deny Petitioner's previous application for admission to the bar of Arkansas was affirmed by this court in 1995. *Partin v. Bar of Arkansas, supra.* Pursuant to Rule XIII of the Rules Governing Admission to the Bar, Petitioner must first submit any application for initial admission to the Board for determination of eligibility. This court does not have original jurisdiction of petitions for admission to the bar of Arkansas. Rather, this court's jurisdiction in connection with applications for admission to the bar is solely for appellate review of the Board's decisions. Rule XIII of the Rules Governing Admission to the Bar.

■ The petition for admission to the bar of Arkansas is, therefore, dismissed for lack of original jurisdiction. The motion for consideration of previous record and briefs and request for oral argument is, therefore, moot.

BROWN, J., not participating.